IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HARTFORD UNDERWRITERS INSURANCE COMPANY, *et al.*, | * |
| | * |
| Plaintiffs, | |
| | *    Civil No. TDC-17-0129 |
| v. | |
| | * |
| TRINITY PROTECTION SERVICES INC., | |
| | * |
| Defendant. | |

\*   \*   \*   \*   \*   \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the "Motion for Clerk's Entry of Default Judgment in a Sum Certain Pursuant to Fed. R. Civ. P. 55(b)(1)" ("Motion") (ECF No. 14) filed by Plaintiffs Hartford Underwriters Insurance Company, Hartford Fire Insurance Company, Property and Casualty Insurance Company of Hartford, and Twin City Fire Insurance Company (collectively, "Hartford"). Defendant Trinity Protection Services Inc. ("Trinity") has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). On June 26, 2017, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6, Judge Chuang referred this case to me for a report and recommendation on Hartford's Motion. (ECF No. 15.) I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Hartford's Motion be GRANTED IN PART and DENIED IN PART.

I.  **FACTUAL AND PROCEDURAL HISTORY**

In this case, Hartford filed suit against Trinity for breach of contract, account stated, quantum meruit, and unjust enrichment. (ECF No. 1.) Trinity was served with the Complaint, summons, and case management order, but did not file an answer or responsive pleading within

the requisite time period. On March 1, 2017, Hartford moved for the Clerk's entry of default (ECF No. 12), and the Clerk entered default against Hawk on March 28, 2017 (ECF No. 13). On April 4, 2017, Hartford filed the Motion, to which Trinity has not responded.

## II.    LEGAL ANALYSIS

### A.    Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012) (citing *Ryan*, 253 F.3d at 790). Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151 at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's

assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

    **B.**    **Liability**

Subject matter jurisdiction in this case is predicated on the diversity of the parties. A federal court sitting in diversity must apply the choice of law rules applicable in the forum state. *Klaxon v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 496-97 (1941). In contract actions, Maryland courts generally apply the law of the jurisdiction where the contract was made, pursuant to the doctrine of *lex loci contractus*. *See, e.g., Allstate Ins. Co. v. Hart*, 327 Md. 526 (1992). Under the *lex loci* principle, the law of the place where the contract was made governs. *Rouse Co. v.. Fed. Ins. Co.*, 991 F. Supp. 460, 462 (D. Md. 1998). "[A] contract is 'made' where the last act necessary for its formation is performed." *Id.* For an insurance policy, the last act necessary for formation of the contract is the delivery of the policy and payment of premiums. *Id.; Commercial Union Ins. Co. v. Porter Hayden Co.*, 97 Md. App. 442 (1993) (vacated on other grounds).

The insurance policy at issue in this case was signed by Trinity, paid for (at least initially), delivered, and cancelled in Maryland. Applying Maryland's choice of law rules, I find

that the last acts necessary for the formation of the insurance contract at issue occurred in Maryland. Accordingly, I will apply Maryland substantive law.

### 1. Count I – Breach of Contract

Count I of the Complaint asserts a claim of breach of contract. (ECF No. 1 ¶¶ 10-13.) "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 365 Md. 166, 175 (2001). According to the allegations of the Complaint, Hartford issued a Workers Compensation Insurance Policy ("Policy") to Trinity for the periods of December 10, 2013 to December 10, 2014; December 10, 2014 to December 10, 2015; and December 10, 2015 to December 10, 2016. (ECF No. 1 ¶ 8.) Hartford cancelled the Policy on July 14, 2016. (*Id.*) Under the terms of the Policy, Trinity agreed to pay certain premiums to Hartford. Initially, Trinity was to pay an initial estimated annual premium ("estimated premium"), which was based on an estimate of the covered employees and their respective work duties during the policy period. At the end of each policy period, Hartford performed an audit of Trinity's records to determine whether the estimated premium established at the beginning of the policy period was too high or too low. If the estimated premium was too low, Trinity would be required to pay additional premiums to Hartford. If the estimated premium was too high, Hartford would be required to pay a refund to Trinity. (*Id.*)

According to the Complaint, Hartford performed an audit of Trinity's records, as it was permitted to do by the Policy. (*Id.* ¶ 11.) Hartford determined that Trinity owed "additional audit premiums and/or unpaid fixed monthly premiums of $299,539.68" due under the Policy. (*Id.*) Hartford sent several bills to Trinity demanding payment of the additional premiums owed, but Trinity refused to pay the additional premiums. Accepting as true the unchallenged allegations of

the Complaint, Hartford has shown that Trinity had a contractual obligation to pay Hartford the premiums due under the Policy. Trinity breached that obligation by failing to make full payment to Hartford. Accordingly, I find that Hartford has established Trinity's liability for breach of contract and recommend that the Motion be granted as to Count I.

### 2.     Count II – Account Stated

Count II of the Complaint is a claim of account stated. (ECF No. 1 ¶¶ 14-20.) In Maryland,

> in order to maintain a cause of action on an account stated, all that need be shown is an admission that the stated sum of money constitutes a present existing debt. Such admission need not be express, but may be inferred. Thus, under appropriate circumstances, a failure within a reasonable time to object to the correctness of a stated sum may be regarded as an admission of liability.

*Baltimore Cnty. v. Archway Motors, Inc.*, 35 Md. App. 158, 166 (1977) (citing *Lyell v. Walbach*, 111 Md. 610, 614-15 (1909)); *see also Saul, Ewing, Remick & Saul v. Larosa*, 60 F.3d 824, 1995 WL 420012, at *2 (4th Cir. 1995).

Hartford claims that it issued a Final Insurance Bill (*see* ECF No. 1-2 at 2-3) to Trinity, which "created an express and implied agreement between the parties" as to the additional premiums that Trinity owed to Hartford. (*Id.* ¶ 16.) The Final Insurance Bill demanded payment of $299,539.68 in additional premiums. (*Id.* ¶ 15.) Although Trinity received the Final Insurance Bill, it did not dispute the charges contained therein or make the payment demanded. Accepting as true the factual allegations of the complaint, Hartford has established that it provided insurance coverage to Trinity, which resulted in Trinity's indebtedness to Hartford. Although Hartford mailed the Final Insurance Bill to Trinity, Trinity did not object to the correctness of the sum stated in the bill. Trinity's failure to object to the Final Insurance Bill amounts to an

admission of liability. Accordingly, I find that Hartford has established Trinity's liability for account stated and recommend that the Motion be granted as to Count II.

### 3. Count III – Quantum Meruit / Unjust Enrichment

Count III of the Complaint alleges that Trinity is liable for quantum meruit and unjust enrichment. (ECF No. 1 ¶¶ 21-26.) "Unjust enrichment and quantum meruit, both 'quasi-contract' causes of action, are remedies to provide relief for a plaintiff when an enforceable contract does not exist but fairness dictates that the plaintiff receive compensation for services provided." *Int'l Waste Indus. Corp. v. Cape Envtl. Mgmt., Inc.*, 988 F. Supp. 2d 542, 554 (D. Md. 2013) (citing *Dunnaville v. McCormick & Co., Inc.*, 21 F.Supp.2d 527, 535 (D. Md. 1998)). A plaintiff cannot recover under the quasi-contractual theories of quantum meruit or unjust enrichment when an express contract is present. *See Froelich v. Erickson,* 96 F. Supp. 2d 507, 524 (D. Md. 2000). Here, Hartford has established Trinity's liability for breach of contract, so its claim for quantum meruit and unjust enrichment must fail. I recommend that the Motion be denied as to Count III.

### C. Damages

Having determined that Hartford has established Trinity's liability, it is now appropriate to determine the damages to which Hartford is entitled. Hartford has established multiple claims for relief against Trinity, but has only suffered one injury. For each claim that has been established, Hartford's injury was the same: Hartford was not paid the money it was owed by Trinity for additional premiums due under the Policy. Under the "one wrong, one recovery rule," a "plaintiff may not recover damages twice for the same injury simply because he has two legal theories." *Montgomery Ward & Co., Inc. v. Cliser*, 267 Md. 406, 425 (1972).

Generally, an evidentiary hearing is required to determine an award of damages, even in the case of a defendant's default. *See Laborers' Dist. Council Pension v. E.G.S., Inc.,* No. WDQ-

09-3174, 2010 WL 1568595 (D. Md. Apr. 16, 2010). However, the Court may award damages "if the record supports the damages requested." *Id*. at *3 (collecting cases).

Hartford has submitted the declaration of Deborah Schmaltz ("Ms. Schmaltz"), who is employed as the Director of Financial Reporting and Collections for Hartford. (ECF No. 14-1.) According to her declaration, Ms. Schmaltz has personal knowledge of Hartford's pertinent books and records. (*Id.* ¶ 2.) Ms. Schmaltz states that after Hartford conducted an audit of Trinity's books and records at the conclusion of the last policy period, it determined that Trinity owed additional audit premiums in the amount of $299,539.68. (*Id.* ¶ 5.) Although Hartford sent a bill to Trinity demanding payment of this amount, Trinity has not made the requested payment. As a result, Trinity continues to owe Hartford $299,539.68 in additional premiums. The evidence Hartford has submitted is sufficient to support its claim for damages in the amount of $299,539.68.[1]

Hartford also seeks prejudgment interest from September 4, 2016 through the date of judgment at the rate of six percent. In a diversity case, prejudgment interest is a matter of state substantive law. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 633 (4th Cir. 1999). In Maryland,

> [p]re-judgment interest is allowable as a matter of right when the obligation to pay and the amount due had become certain, definite, and liquidated by a specific date prior to judgment so that the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date.

*Buxton v. Buxton*, 363 Md. 634, 656, 770 A.2d 152, 165 (2001) (internal quotation omitted). Maryland's prejudgment interest rate is six percent. Md. Const. art. III, § 57 ("The Legal Rate of Interest shall be Six per cent. per annum; unless otherwise provided by the General Assembly.").

---

[1] On June 29, 2017, I ordered Hartford to supplement its Motion with a copy of the Policy and additional evidence regarding how it determined that Defendant owed $299,539.68 in premiums. Hartford submitted its supplement with the requested information on July 17, 2017. (ECF No. 19.)

Here, Trinity had an obligation to pay Hawk $299,539.68 from at least September 4, 2016, which is the due date set forth on the Final Insurance Bill that Hartford sent to Trinity. (*See* ECF No. 14-2 at 1.) I find that Hartford is entitled to prejudgment interest from September 4, 2016 through the date of the entry of judgment. As of the date of this Report and Recommendation, I find that Hartford is entitled to $16,101.28 in prejudgment interest. This amount is calculated as the product of the daily prejudgment interest amount (approximately $49.24 per day) and the number of days that have elapsed since September 4, 2016 (327 days as of July 28, 2017). I recommend that Hartford be awarded prejudgment interest in the amount of $16,101.28.

Hartford also seeks an award of costs. (ECF No. 14 at 3); *see* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Hartford seeks an award of the $400 filing fee it incurred to bring this case. Because fees paid to the Clerk for filing are compensable under the Local Rules and 28 U.S.C. § 1920, I recommend that Hartford be awarded costs in the amount of $400.00.

In total, I recommend that $316,040.96 in damages be awarded to Hartford against Trinity. This amount is comprised of the $299,539.68 that Trinity owes Hartford under the Policy; $16,101.28 in prejudgment interest; and $400.00 in costs. I also recommend that Hartford be awarded post-judgment interest at the rate set forth in 28 U.S.C. § 1961.

### III. CONCLUSION

In sum, I recommend that the Court:

1.   Grant Hartford's Motion (ECF No. 14) as to Counts I and II;

2.   Deny Hartford's Motion as to Count III;

      3.      Enter judgment in favor of Plaintiffs Hartford Underwriters Insurance Company, Hartford Fire Insurance Company, Property and Casualty Insurance Company of Hartford, and Twin City Fire Insurance Company against Defendant Trinity Protection Services Inc. in the amount of $316,040.96, plus post-judgment interest to accrue at the legal rate

      I also direct the Clerk to mail a copy of this Report and Recommendation to Defendant Trinity Protection Services Inc. Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

<u>July 28, 2017</u>                                                                          <u>      /s/                </u>
Date                                                                                 Timothy J. Sullivan
                                                                                     United States Magistrate Judge